UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GRAND ISLE SHIPYARD L.L.C. | CIVIL ACTION |
| VERSUS | NO. 25-1806 |
| SIROCO, LLC | SECTION: "J"(5) |

### ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 13)** filed by Plaintiff Grand Isle Shipyard L.L.C. Defendant Siroco, LLC filed an opposition (Rec. Doc. 16), to which Plaintiff replied (Rec. Doc. 17). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of a contract for computer services entered into by Plaintiff and Defendant. On August 1, 2025, Plaintiff Grand Isle Shipyard L.L.C. filed the instant case for breach of the contractual agreement in the 17th Judicial District Court for Lafourche Parish, State of Louisiana.

On September 3, 2025, Defendant Siroco, LLC removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, averring that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1). Plaintiffs filed the instant motion to remand on September 24, 2025, arguing primarily that this Court lacks subject matter jurisdiction over the matter based on the amount in controversy, and

alternatively, asserting that the contract at issue in the case includes an exclusive-venue clause which mandates that the parties litigate this contractual claim in the 17th Judicial District Court.

Defendant Siroco, LLC opposes Plaintiff's motion to remand and interprets the forum-selection clause differently than Plaintiff does. Furthermore, Defendant argues that the forum-selection clause does not constitute a waiver of its right to remove based on diversity jurisdiction.

The proper construction of the forum-selection clause that the parties agreed to is dispositive in this case, so the Court declines to address the parties' arguments regarding diversity jurisdiction and the amount in controversy.

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required for federal subject matter jurisdiction under § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must

be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## DISCUSSION

A contractual provision may constitute a waiver of a party's right to remove a case to federal court. The Fifth Circuit has established that in order for a contractual clause to prevent removal, "the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199, 1212 (5th Cir. 1991). There are three ways in which a party may waive the right to remove a case to federal court: (1) when the party explicitly states that it is waiving its right of removal; (2) when the party allows the other party to the contract the right to choose venue; or (3) when the parties agree to and establish an exclusive venue within the contract. *Id.*

The contract at issue in this case includes the following provision related to venue:

> 13. APPLICABLE LAW and Exclusive Venue. The Contract Documents shall be governed by the general maritime laws of the United States to the maximum extent permitted by law. If the general maritime law is held inapplicable, the Contract Documents shall be governed by the laws of the State of Louisiana regardless of any conflict of law provisions. The Parties hereto agree that the sole and exclusive venue with respect to any claim or controversy arising under or governed by this [sic] Contract Documents shall only be proper in the United States Federal District Court of the Eastern District of Louisiana located in New Orleans, Louisiana, regarding general maritime claims and the Louisiana Seventeenth Judicial District Court located in Thibodaux, Louisiana, regarding any claim not governed by the general maritime laws of the United States.

(Rec. Doc. 1-2, at 11). It is clear from the language of Section 13 that the parties did not explicitly waive their right of removal, and that Defendant in this case did not allow Plaintiff to choose the venue. Thus, for Plaintiff's motion to remand to be successful, the above provision (Section 13) must represent an exclusive or mandatory venue clause.

Parties to a contract are permitted to select an exclusive venue. Consenting to the jurisdiction of one forum does not necessarily mean that a party has waived its right to have the case heard in a different forum. *City of New Orleans*, 376 F.3d at 504. However, a clause may designate an exclusive forum if it goes beyond establishing that a particular forum has jurisdiction and "clearly demonstrate[s] the parties' intent to make that jurisdiction exclusive." *Id.* (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir.1974)). The Fifth Circuit has emphasized the importance of distinguishing between jurisdiction and venue when interpreting clauses such as Section 13. *Id.* "Although it is not necessary for such a clause to use the word 'venue' or 'forum,' it must do more than establish that one forum will have jurisdiction." *Id.* For example, if a clause solely calls on the parties to submit to the jurisdiction of a particular court, such a clause will not be interpreted to be a mandatory forum-selection clause that prevents removal. *Id.* (discussing *Keaty*, 503 F.2d 955–56).

In the *City of New Orleans v. Municipal Administrative Services, Inc.*, the Fifth Circuit followed similar reasoning to conclude that the clause in the subject contract, which stated that the defendant would "consent and yield to the jurisdiction of the

4

State Civil Courts of the Parish of Orleans and [did] hereby formally waive any pleas of jurisdiction on account of the residence elsewhere," did not prevent the defendant from removing the case to federal court. *Id.* Although one meaning of the clause could be that the defendants consented to the exclusive jurisdiction of the Orleans Parish state court, the clause was susceptible to other plausible readings that permitted the defendant to bring its own suit under the contract in a different venue. *Id.* at 505. Because the clause was susceptible to more than one reasonable interpretation, there was ambiguity as to its meaning, and "[t]he very presence of ambiguity indicates that the clause does not contain a 'clear and unambiguous' waiver of removal rights." *Id.* at 505–06.

Conversely, where parties state in the contract that the venue for any action shall lie in a specific place, or that a certain court has exclusive jurisdiction, then the forum-selection clause has been held to bar removal. *See Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 50 (5th Cir. 2007); *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 318 (5th Cir. 2006). In *Top Branch Tree Service & Landscaping, Inc. v. Omni Pinnacle, LLC*, this Court dismissed a case on a Rule 12(b)(3) motion as a result of a forum-selection clause. *Top Branch Tree Serv. & Landscaping, Inc. v. Omni Pinnacle, LLC*, No. 06-3723, 2007 WL 1234976, at *2–3 (E.D. La. Apr. 26, 2007). In *Omni Pinnacle*, the contract between St. Tammany Parish and Omni Pinnacle, LLC provided that "The 22nd Judicial District Court for the Parish of St. Tammany shall be the court of original jurisdiction of any litigation originated under this contract." *Id.* at *1. Although the clause did not use the word "exclusive" or "venue," the Court

5

dissected the language to determine that the clause provided for exclusive jurisdiction in the 22nd Judicial District Court for the Parish of St. Tammany. *Id.* at *2–3. The Court found that the language of the clause, specifically "shall be the court of original jurisdiction," meant that no other court could hold original jurisdiction over the case, and thus the parties had contracted for the 22nd Judicial District Court for the Parish of St. Tammany to be the exclusive forum for their dispute. *Id.*

In the instant case, the language of the forum-selection clause, Section 13, clearly and unequivocally states that

> The Parties hereto agree that the *sole and exclusive venue* with respect to any claim or controversy arising under or governed by this [sic] Contract Documents shall only be proper in the United States Federal District Court of the Eastern District of Louisiana located in New Orleans, Louisiana, regarding general maritime claims and *the Louisiana Seventeenth Judicial District Court located in Thibodaux, Louisiana, regarding any claim not governed by the general maritime laws of the United States.*

(Rec. Doc. 1-2, at 11 (emphasis added)).

Defendant Siroco, LLC's strained argument notwithstanding, the language of this clause is clear and unambiguous. This portion of Section 13 clearly sets out one mandatory and exclusive venue for general maritime claims and another sole and exclusive venue for "any claim not governed by the general maritime laws of the United States." Based on this provision, the type of claim that arises under the contract will determine which of the two sole and exclusive venues will be proper in any given case.

Because Plaintiff and Defendant clearly demonstrated their intent to make jurisdiction exclusive in one of two courts, depending on the type of claim at issue,

6

the parties have waived their right to remove claims that are not governed by the general maritime laws of the United States, which claims must be litigated in the 17th Judicial District Court located in Thibodaux, Louisiana.

The next issue before the Court centers on the first part of Section 13, the choice-of-law provision. That provision reads as follows:

> The Contract Documents shall be governed by the general maritime laws of the United States *to the maximum extent permitted by law*. If the general maritime law is held inapplicable, the Contract Documents shall be governed by the laws of the State of Louisiana regardless of any conflict of law provisions.

(Rec. Doc. 1-2, at 11 (emphasis added)). Defendant Siroco, LLC focuses specifically on the word "held" in the provision and argues that this term "requires a judicial determination—not merely a party's allegation, belief or description" concerning whether the general maritime law will govern disputes arising under the contract. (Rec. Doc. 16, at 10). In other words, Defendant maintains that the "parties chose the general maritime law to apply to their contract from the outset," (Rec. Doc. 16, at 8), and only after a court holds that maritime law does not apply will venue be proper in the 17th Judicial District Court.

Defendant points out that "'[n]o action of the parties can confer subject-matter jurisdiction.'" (Rec. Doc. 16, at 6 (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). The Court agrees with Defendant's assertion in this regard, but the corollary of this proposition is also true: Parties are not free to decide that general maritime law will govern a contract that is not

7

maritime in nature. The choice-of-law provision clearly indicates that "the general maritime laws of the United States" will govern the contract "to the maximum extent permitted by law."

Therefore, the second issue before the Court is whether the parties' contract is a maritime contract, or stated another way, whether the law will permit the general maritime laws of the United States to govern the contract. The Fifth Circuit has held that "[i]n determining whether a contract is maritime, the relevant inquiry is whether the 'principal objective of [the] contract is maritime commerce.'" *Trend Intermodal Chassis Leasing, L.L.C. v. Zariz Transp. Inc.*, No. 24-10105, 2024 WL 3423217, at *2 (5th Cir. July 16, 2024) (quoting *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 25 (2004)). Accordingly, to determine whether a contract is maritime in nature, courts in the Fifth Circuit apply the two-part test developed in *In re Larry Doiron, Inc.* "To be maritime, a contract (1) must be for services to facilitate activity on navigable waters and (2) must provide, or the parties must expect, that a vessel will play a substantial role in the completion of the contract." *Barrios v. Centaur, L.L.C.*, 942 F.3d 670, 680 (5th Cir. 2019) (citing *In re Larry Doiron, Inc.*, 879 F.3d 568 (5th Cir. 2018)).

Here, Plaintiff Grand Isle Shipyard L.L.C. contends that the contract with Defendant Siroco, LLC "is for computer services related to a computer system which is entirely on land and lacking any sort of maritime nexus." (Rec. Doc. 13-1, at 2). Furthermore, Grand Isle asserts that the contract does not involve services to facilitate activity on navigable waters, nor does a vessel play a role in the contract's completion. In its opposition to Plaintiff's motion to remand, Defendant Siroco, LLC

8

does not refute or deny these assertions or advance any arguments that the contract is maritime in nature. While the Court acknowledges that there might be "close" cases when determining whether a contract is maritime, this is not one of them. Therefore, based on the contract the parties agreed to, the sole and exclusive venue for a dispute arising under a non-maritime contract is the 17th Judicial District Court for Lafourche Parish, State of Louisiana.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 13)** is **GRANTED**. This case is **REMANDED** to the 17th Judicial District Court for the Parish of Lafourche.

New Orleans, Louisiana, this 12th day of November, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE